**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| ANNA NAKSHIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>ASSET RECOVERY SOLUTIONS LLC<br><br>    Defendant. | Civil Action No.:  8:20-cv-2040<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.  This action seeks monetary damages and injunctive relief for Plaintiff and all those similarly situated related to Asset Recovery Solutions LLC's misleading debt collection on settled debts in Maryland.

**PARTIES**

1.  Plaintiff Anna Nakshin (nee Kronick) (a/k/a Anya Nakshin) is a natural person who resides in Rockville, Maryland.

2.  Plaintiff is a consumer, as that term is defined in 15 U.S.C. § 1692a(3).

3.  Defendant Asset Recovery Solutions LLC ("Defendant") is a is an Illinois corporation with its principal place of business at 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018.

4.  Defendant's principal purpose is "asset recovery management," and it is a "strategic partner to many of the largest credit issuers in the county." *See* http://assetrecoverysolutions.com (June 17, 2020).

5. Defendant is licensed as a collection agency in Maryland and regularly does business in in the state.

6. Defendant is, therefore, a debt collector, as that term is defined in 15 U.S.C. § 1692a(6) and Md. Comm. Law. Ann. § 14-201(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## FACTS

10. In or around January 2008, Plaintiff signed promissory notes as a guarantor for her brother's private student loan with Doral Bank FSB (the "Loan").

11. The debt was incurred for personal purposes.

12. In or before January 2015, Plaintiff's brother defaulted on the Loan.

13. University Accounting Service, LLC ("UAS"), then the servicer of the loan on behalf of Younomics Private Student Loan Trust, reached out to Plaintiff for payment and began reporting the default on Plaintiff's credit report.

14. While Plaintiff was attempting to obtain documentation from UAS regarding the loan, the servicer transferred the loan to Defendant for collection.

15. In or around November 2019, Plaintiff reached an agreement to reduce the amount due on the loan from approximately $37,000 to $16,000, to be paid in monthly

installments of $500.

16. Pursuant to the terms of the agreement, the loan would be paid in full upon receipt of the final monthly payment towards a $16,000 total.

17. Notwithstanding the terms of the agreement, on or about January 27, 2020, Defendant sent a letter to Plaintiff's address regarding the Loan that indicated a balance of $37,503.58.

18. The letter included a payment coupon and in the box labeled, "Pay This Amount," listed $37,503.58.

19. The letter did not reference any balance reduction or payment plan but rather demanded the full loan balance.

20. Defendant sent similar letters to Plaintiff's address dated March 6, 2020, April 6, 2020, and June 8, 2020, all of which left out any reference to the settlement amount and included payment coupons for the full balance

21. The statements sent by Defendant nonetheless reference Plaintiff's payments pursuant to the settlement.

22. Defendant's actions infringed upon Plaintiff's right to complete and accurate information regarding the Loan.

23. Upon information and belief, Defendant routinely sends statements reflecting the full balance of a debt to borrowers who have agreed to a payment plan for a reduced balance.

## CLASS ACTION ALLEGATIONS

24. Plaintiff Nakshin brings this class action pursuant to Fed. R. Civ. P. 23 and case law thereunder on behalf of herself and a Class of all others similarly situated.

25. The Class is defined as: All individuals in Maryland who entered into a payment plan with Defendant for a reduced debt balance and whom Defendant, thereafter and within one year preceding the filing of this Complaint, sent correspondence referencing the full balance as due and owing.

26. Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and its subsidiaries, affiliates, present and former employees, and family members; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

27. *Numerosity*: the Class is comprised of likely dozens of individuals, making joinder impractical. Moreover, the Class is composed of an easily ascertainable set of individuals with whom Defendant entered into a payment plan for a reduced balance and contacted for payment during the relevant period. The precise number of Class members can only be ascertained through discovery, which includes Defendant's records. The disposition of their claims through a class action will benefit both the parties and this Court.

28. *Commonality*: The critical questions of law and fact common to the Plaintiff Class that will materially advance the litigation is whether requesting payment of a full balance constitutes misleading debt collection after a settlement involving a payment plan and balance reduction.

29. *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant's misleading debt collection correspondence following an agreement for a payment plan and balance reduction.

30. *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has

retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions involving unfair and deceptive trade practices.

31. *Predominance*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*
### (Brought Individually and on Behalf of the Class)

32. Plaintiff incorporates the allegations made in the foregoing paragraph as if set forth fully herein.

33. Defendant violated 15 U.S.C. §§ 1692e(2) and (10) by sending correspondence requesting payment of a full amount, without reference to any balance reduction or payment plan.

34. Defendant knew that Plaintiff had entered into an agreement for a payment plan

and reduced balance. Its actions were, accordingly, willful.

35. Plaintiff, on behalf of herself and others similarly situated, is entitled to an award of actual and statutory damages and attorney's fees pursuant to 11 U.S.C. § 1692k.

## COUNT II

### VIOLATION OF MARYLAND CONSUMER PROTECTION ACT (MCPA)
### Md. Comm. Law §14-201 *et seq.*
### (Brought Individually and on Behalf of the Class)

36. Each of the preceding paragraphs is incorporated by reference herein.

37. Plaintiff Nakshin on behalf of herself as an individual, on behalf of all others similarly situated and on behalf of the general public files this action pursuant to Md. Comm. Law Ann. 14-201 *et seq*.

38. Defendant is a "person" under the MCPA, as that term is defined in Md. Code ann., Com. Law § 13-101(h).

39. Defendant engaged in an unfair or deceptive trade practice by sending correspondence that gave the impression that Plaintiff was required to pay the full balance of the Loan, a material fact, in violation of Md. Code ann., Com. Law § 13-301(1).

40. Defendant engaged in an unfair or deceptive trade practice by omitting in its collection efforts the material fact that Plaintiff was not required to pay the full balance of the Loan, in violation of Md. Code ann., Com. Law § 13-301(3).

41. Defendant intentionally made these misrepresentations and omissions, knowing that they would mislead reasonable consumers, such as Plaintiff.

42. As a result of Defendant's unfair and deceptive trade practices detailed herein, Defendant deprived Plaintiff and consumers of truthful information regarding their debt obligations.

43.  As a result of the above violations of the Maryland Code, Plaintiff seeks actual damages, punitive damages, and injunctive relief for herself and all others similarly situated, as well as attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff on behalf of herself and all others similarly situated, prays for a judgment against Defendant as follows:

- Finding that this action satisfies the prerequisites for maintenance of a class action as set forth in Fed. R. Civ. P. 23;
- An award for actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Md. Comm. Law Ann. § 13-408(a);
- An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- An award for attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Comm. Law Ann. § 13-408(b);
- an award of pre-judgment and post-judgment interest;
- injunctive relief directing a return of all monies collected from Plaintiff during the relevant period; and
- for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

Dated:  Washington, DC
 July 10, 2020

Respectfully submitted,

*/s/ Courtney L. Weiner*

Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com


*/s/ Ingmar Goldson*
Ingmar Goldson
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Phone: 240-780-8829
igoldson@goldsonlawoffice.com


*Attorneys for Plaintiff*